J-S34043-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| STACEY LAMONT MOSLEY | : | |
| | : | |
| Appellant | : | No. 185 MDA 2025 |

Appeal from the PCRA Order Entered January 16, 2025
In the Court of Common Pleas of Juniata County Criminal Division at
No(s): CP-34-CR-0000224-2008

BEFORE: STABILE, J., SULLIVAN, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.: **FILED DECEMBER 16, 2025**

Appellant, Stacey Lamont Mosley, appeals *pro se* from the post-conviction court's January 16, 2025 order denying, as untimely, his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. After careful review, we affirm.

The facts underlying Appellant's conviction are not germane to our disposition of his instant appeal. Our Court previously summarized the procedural history of his case, as follows:

> On April 16, 2009, following a jury trial, [Appellant] was found guilty of robbery, theft by unlawful taking, receiving stolen property, criminal contempt, and two counts of criminal conspiracy, relative to his robbery of a convenience store and attempted robbery of a bank. The trial court sentenced [Appellant] to an aggregate term of 35 to 70 years in prison. On October 6, 2010, this Court affirmed the judgment of sentence. ***See Commonwealth v. Mosley***, 15 A.3d 518 (Pa. Super. 2010) (unpublished memorandum). [Appellant] did not seek allowance of appeal with the Pennsylvania Supreme Court.

On March 9, 2011, [Appellant], *pro se*, filed his first petition pursuant to the … []PCRA[]. ***See*** 42 Pa.C.S.[] §§ 9541-9546. [Appellant] was appointed counsel, who filed an amended petition. On March 5, 2012, following a hearing, the PCRA court dismissed [Appellant's] PCRA petition. This Court dismissed [Appellant's] appeal, and the Pennsylvania Supreme Court denied [Appellant's] petition for allowance of appeal. ***See Commonwealth v. Mosley***, 64 A.3d 16 (Pa. Super. 2012) (unpublished memorandum), *appeal denied*, 69 A.3d 243 (Pa. 2013).

***Commonwealth v. Mosley***, No. 1423 MDA 2018, unpublished memorandum at 1-2 (Pa. Super. filed Apr. 16, 2019) (footnote and unnecessary capitalization omitted).

On April 11, 2018, Appellant filed a petition for writ of *habeas corpus*, which the trial court denied. This Court affirmed on appeal. ***See id.*** Appellant then filed a second petition for writ of *habeas corpus* on September 28, 2023, arguing that the evidence was insufficient to sustain his conviction for attempted robbery. ***See*** Petition for Writ of *Habeas Corpus*, 9/28/23, at 2. On October 16, 2023, the court issued an order indicating that it was treating Appellant's filing as a PCRA petition, and notifying Appellant of its intent to dismiss it without a hearing pursuant to Pa.R.Crim.P. 907. ***See*** Order, 10/16/23, at 1 (single page). On November 2, 2023, Appellant filed a *pro se* response to the court's Rule 907 notice, but, on April 10, 2024, the court issued an order denying it. ***See*** Order, 4/10/24, at 1 (single page). Appellant did not file an appeal.

On September 12, 2024, Appellant filed a *pro se* "Petition for Post-Conviction Collateral Relief *Nunc Pro Tunc*," which underlies his instant appeal. Therein, he argued that his appellate and PCRA attorneys were ineffective for

failing to challenge the sufficiency of the evidence to sustain his convictions. *See* PCRA Petition, 9/12/24, at 2-3 (unnumbered). Appellant also alleged that the "[g]overnment interference exception to [the] PCRA's one … year time bar [was] invoked" by his ineffectiveness claim. *Id.* at 1 (unnumbered).

On October 24, 2024, the PCRA court issued a Rule 907 notice of its intent to dismiss Appellant's *pro se* PCRA petition without a hearing, stating that he "has not established government interference obviating the requirement that a [PCRA p]etition be filed within one (1) year of [the] judgment of sentence becoming final, as required by 42 Pa.C.S.[] § 9545(b)(1)(i)." Order, 10/24/24, at 1 (single page). Appellant filed a *pro se* response to the court's Rule 907 notice, but on January 16, 2025, the court issued an order dismissing his *pro se* PCRA petition. *See* Order, 1/16/25, at 1 (single page).

On February 6, 2025, Appellant filed a timely, *pro se* notice of appeal. He and the court thereafter complied with Pa.R.A.P. 1925. Herein, Appellant states three issues for our review, which we reproduce *verbatim*:

1. Did lower Ct. fail to address nunc pro tunc consideration under Com v. Bennett?

2. Did lower Ct.'s omission render PCRA void.

3. Did lower Ct. violate Pa.R.A.P. 341 by not considering nunc pro tunc review?

Appellant's Brief at 4.

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported

by the evidence of record and is free of legal error. ***Commonwealth v. Ragan***, 923 A.2d 1169, 1170 (Pa. 2007). We must begin by addressing the timeliness of Appellant's petition, because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. ***See Commonwealth v. Bennett***, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the following exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies:

> **(b) Time for filing petition.--**
>
> > (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
> >
> > > (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
> > >
> > > (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
> > >
> > > (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Additionally, any petition attempting to invoke one of these exceptions must "be filed within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Here, Appellant's judgment of sentence became final on November 10, 2010, at the expiration of the thirty-day time-period for seeking review with the Pennsylvania Supreme Court from this Court's decision affirming his judgment of sentence. *See* 42 Pa.C.S. § 9545(b)(3) (stating that a judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review); Pa.R.A.P. 1113(a) (directing that "a petition for allowance of appeal shall be filed with the Prothonotary of the Supreme Court within 30 days after the entry of the order of the Superior Court sought to be reviewed"). Thus, Appellant had until November 5, 2011, to file a timely petition, making his instant petition filed in 2024 patently untimely. Accordingly, for this Court to have jurisdiction to review the merits thereof, Appellant must prove that he meets one of the exceptions to the timeliness requirements set forth in 42 Pa.C.S. § 9545(b).

Appellant fails to meet this burden. Although Appellant referenced the governmental-interference exception in his PCRA petition, he does not mention this exception in his appellate brief, let alone meaningfully develop any argument to demonstrate that he has met it. Instead, Appellant simply argues that because his prior attorneys were ineffective for not raising challenges to the sufficiency of the evidence to sustain his convictions, which

violated his constitutional rights, the PCRA time-bar should not apply to his claim. *See* Appellant's Brief at 7-8.

Appellant's argument is meritless. "It is well settled that allegations of ineffective assistance of counsel will not overcome the jurisdictional timeliness requirements of the PCRA." ***See Commonwealth v. Wharton***, 886 A.2d 1120, 1127 (Pa. 2005) (citations omitted). Moreover, even if Appellant's ineffectiveness claim could meet a timeliness exception, we fail to see how Appellant could satisfy the timeliness requirement of section 9545(b)(2). Appellant is essentially asserting a layered claim of ineffectiveness; *i.e.*, that his PCRA counsel acted ineffectively by not asserting the ineffectiveness of his appellate counsel for not raising a challenge to the sufficiency of the evidence in Appellant's direct appeal. Presumably, Appellant would have known that his PCRA counsel did not raise this claim when his PCRA petition was litigated in 2011. Appellant does not explain why he is only now asserting, over a dozen years later, that his PCRA counsel was ineffective in this regard. Based on this record, Appellant would be unable to satisfy section 9545(b)(2), even if his ineffectiveness claim could somehow meet one of the exceptions of section 9545(b)(1)(i)-(iii). Accordingly, we discern no error in the PCRA court's decision to dismiss Appellant's petition on the basis that it is untimely.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/16/2025